UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL BELL                                                                                      PETITIONER

VS.                          5:17-CV-00234-SWW/JTR

WENDY KELLEY, Director,
Arkansas Department of Corrections                                             RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Michael Bell ("Bell"). *Doc. 2*. Before addressing Bell's habeas claims, the Court will review the procedural history of the case in state court.

On December 5, 2005, a Union County, Arkansas, jury convicted Bell of various drug related offenses,[1] set terms of imprisonment, and recommended the terms be imposed consecutively. *Doc. 11-2, Tr. 50-61.* The trial court accepted the jury's recommendation and imposed an aggregate sentence of 73 months imprisonment. *Id.*

Bell filed a direct appeal.[2] On January 23, 2008, the Arkansas Court of Appeals affirmed Bell's convictions and sentences.[3] *Bell v. State*, 101 Ark. App. 144 (2008).

On November 24, 2008, Bell filed a pleading in the Union County Circuit Court entitled, "Motion for Writ of Habeas Corpus."[4] *Doc. 11-6 at 1, 4.* Bell argued

---

[1] The charges included: (1) possession of cocaine with intent to deliver; (2) possession of drug paraphernalia; and (3) three counts of delivery of cocaine. Bell was sentenced as a habitual offender, under Ark. Code Ann. 5-4-501, and his sentence was enhanced an additional ten years because he delivered drugs within 1000 feet of a city park, a drug free zone under Ark. Code Ann. § 5-64-411(a)(1) (Repl. 2005).

[2] The Arkansas Supreme Court permitted Bell to file a belated direct appeal and appointed Joseph C. Self to represent Bell. *Doc. 11-2, Tr. at 97, 102-104, 105*.

[3] On direct appeal, Bell argued that: (1) the trial court erred in permitting the jury to consider a sentencing enhancement under Ark. Code Ann. § 5-64-411 when it was not included in the charging document; and (2) the trial court erred in sentencing Bell to consecutive terms of imprisonment, without indicating that it was exercising discretion in doing so.

[4] Under Ark. R. Crim. P. 37.2(c)(ii), Bell was required to file any ineffective assistance of counsel claims within 60 days of February 12, 2008, the date the mandate issued in his direct appeal. *Doc. 11-8 at 13*. Instead, Bell waited 286 days, until November 24, 2008, before filing a Motion for Habeas Corpus Relief. In the Motion, Bell acknowledged "not filing a timely Rule 37," which he blamed on the mishandling of his prison mail, but requested belated Rule 37 relief. *Doc. 11-6 at 1, 4.*

2

that: (1) his trial counsel, Don G. Gillaspie ("Gillaspie"), was placed on "supervised probation" by the Arkansas Supreme Court Committee on Professional Conduct before Bell's trial; and (2) Gillaspie failed to comply with the Committee's directive to "associate co-counsel."[5] According to Bell, this deprived the trial court of jurisdiction to proceed with his trial. *Id. at 2*. Bell also contended that Gillaspie provided ineffective assistance of counsel by failing to: (1) preserve issues for appeal; and (2) adequately challenge the credibility of States' witnesses, Charles Robinson and Ravonda Payton. Finally, Bell alleged that the State knowingly presented false testimony through those two witnesses.

The Union County Circuit Court failed to rule on Bell's Motion for Writ of Habeas Corpus.[6]

On February 2, 2009, Bell filed a § 2254 habeas Petition in the Eastern District of Arkansas. *Bell v. Norris*, No. 5:09-cv-00033-SWW ("Bell's first federal habeas case"). On August 25, 2009, the United States Magistrate Judge assigned to the case

---

[5] Contrary to Bell's argument, *nothing* in the Committee's directive required Gillaspie to have "associate co-counsel" before Bell's trial. The Committee's Order merely directs Gillaspie to identify another attorney willing to "supervise, monitor and assist" him in his legal practice. Nothing in the general directive can be reasonably construed to mean that Gillaspie was required to have a "supervising attorney" present with him during Bell's trial. Committee's Order, *Doc. 11-6, at 19*.

[6] Respondent's Response includes a complete copy of the docket sheet from the Union County Circuit Court, as of the time of the filing of the Response. *Doc. 11-7*. Before filing this Recommended Disposition, the Court checked the publicly available partial docket sheet for Case No. 70CR-05-52. *See* https://caseinfo.arcourts.gov/cconnect. A review of both confirms that the trial court never ruled on Bell's Motion for Writ of Habeas Corpus.

3

recommended that the Petition be dismissed because the state trial court had not yet ruled on Bell's pending Motion for Writ of Habeas Corpus.[7] The United States District Judge later adopted the recommendation and dismissed Bell's first federal habeas case, without prejudice. *Bell v. Norris*, E.D. Ark. Case No. 5:09-cv-00033-SWW, *Docs 17 and 18*.

On September 7, 2017, Bell filed this § 2254 habeas action, in which he asserts the following claims:

> Claim 1 - The evidence used against him at trial was seized from an unconstitutional search because "[t]he search warrant was not filed with the record of the circuit court";
>
> Claim 2 - The prosecutor failed to disclose favorable evidence;
>
> Claim 3 - The jury was "unconstitutionally selected and impaneled"; and
>
> Claim 4 - His trial counsel was ineffective because he "was on probation" at the time of the trial."

*Doc. 2*.

On November 9, 2017, Respondent filed a Response requesting the dismissal of the case because: (1) all of Bell's claims are conclusory and without factual or legal support; (2) the Fourth Amendment claim is barred by *Stone v Powell*;[8] and

---

[7] At this point, Bell's Motion had been pending in state court approximately nine months.

[8] 428 U.S. 465, 481-482 (1976).

(3) all remaining claims are procedurally barred from federal review because Bell failed to first seek timely review of them in state court. *Doc. 11*. Bell was given an opportunity to file a Reply Brief, but failed to do so. *Doc. 13*. Thus, the issues are joined and ripe for decision.

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

## II. Discussion

### A. Bell's Fourth Amendment Claim Is Not Cognizable

Bell argues he was convicted based on evidence the police seized during an allegedly unconstitutional search of the apartment of his girlfriend, Ravonda Massey ("Ms. Massey"). [9] For cause, he argues the search warrant "was not filed with the record of the circuit court." *Doc. 2 at p. 5*.

At trial, the State presented evidence that, during the search of the apartment, officers located and seized approximately 20 rocks of crack cocaine, and items of men's clothing later identified as belonging to Bell.

---

[9] Ms. Massey testified at trial that Bell occasionally spent the night at her apartment, identified the men's clothing taken from the apartment as Michael's, and denied that the cocaine seized from the apartment belonged to her. *Doc. 11-2, Tr. at 254-257*. The State also presented the testimony of Charles Robinson, a confidential informant ("CI"). The CI testified that he went to the apartment on four separate occasions and bought drugs directly from Bell three times and once from Bell's girlfriend, at Bell's direction. In addition to the CI's testimony, the State played a video of the drug buys for the jury. On the video, Bell can be seen talking to the CI, selling him drugs, and exchanging money. *Doc. 11-2, Tr. at 263-275*. The CI's statements of hand-to-hand drug buys from Bell were presented to the state court judge who issued the search warrant. Bell does not contest the adequacy of this probable cause.

Contrary to Bell's assertion, the transcript of the state court proceedings contains: (1) the Affidavit used to obtain the search warrant; (2) the search warrant itself; and (3) the search warrant return listing the items seized during the execution of the warrant. *Doc. 11-2, Tr. at 11-16*. Thus, the search warrant was filed and is contained in the record of the state court proceeding.

As a matter of law, Bell's Fourth Amendment claim fails. In *Stone v. Powell*, 428 U.S. 465 (1976), the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482. Instead, a habeas petitioner must show that he was denied a "full and fair opportunity to litigate his claim" by demonstrating that the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation ... [or] provided a corrective mechanism, but was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (*quoting Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994)). Thus, the inquiry focuses on whether Bell "received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." *Id*.

Bell neither alleges nor makes any showing that, in his criminal proceeding, he was denied the *opportunity* to challenge the search and seizure. Furthermore, based on the record, Bell unquestionably had the opportunity to question the search but failed to do so – probably because the search warrant was unquestionably supported by probable cause and represented a constitutional search of the apartment. Accordingly, because Bell's Fourth Amendment challenge to the search is not cognizable in this federal habeas action, the Court recommends that it be dismissed, with prejudice.

### B. All of Bell's Remaining Claims Are Procedurally Defaulted

#### 1. Bell's Claims of Trial Error

In Claim 2, Bell asserts that the prosecutor failed to disclose favorable evidence to the defense. In Claim 3, Bell claims that the jury was "unconstitutionally selected and impaneled." Respondent argues that both claims are procedurally defaulted because they were not argued on direct appeal. The Court agrees.

A habeas petitioner must first "fairly present" his claims in state court *before* seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his federal habeas claim not only in the state trial court, but also in "one complete round

of the State's established appellate review process." *See Murphy v. King*, 652 F.3d 845, 848–49 (8th Cir. 2011); *Grass v. Reitz*, 643 F.3d 579, 584-85 (8th Cir. 2011). When a petitioner fails to comply with the fair-presentment requirement, his habeas claim is procedurally defaulted. *Id*.

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Before pursuing federal habeas relief on these claims of trial error, Bell was required to pursue them on direct appeal in state court.[10] On direct appeal, Bell made only two arguments, both of which related to his sentence. By failing to raise Claims 2 and 3 in his direct appeal, Bell is now attempting to assert these claims *for the first time* in this habeas action. *Bell v. State*, 101 Ark. App. at 145. Because the doctrine

---

[10] *See*, *e.g.*, *Meek v. State*, 2013 Ark. 314, *3-4 (2013) ("[A]llegations of prosecutorial misconduct and a speedy-trial violation are claims of trial error and are not cognizable in a Rule 37.1 petition.") (*citing Scott v. State*, 2012 Ark. 199, 406 S.W .3d 1, 6-7 (2012)); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38, 49 (2012) ("[A] Brady claim is not cognizable under Rule 37 ."); *Hagar v. State*, 341 Ark. 633, 635-38, 19 S.W.3d 16, 18-20 (2000) (addressing claim of error in the imposition of the deadly-weapon-enhancement statute on direct appeal); *Nooner v. State*, 339 Ark. 253, 256, 4 S.W.3d 497, 498-99 (1999) ( "Rule 37 ... does not provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. Even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings.").

of procedural default bars Bell from pursuing Claims 2 and 3 in this habeas action, the Court recommends both of those claims be dismissed, with prejudice.

### 2. Bell's Ineffective Assistance of Counsel Claim

Bell asserts that he was denied his right to effective assistance of counsel because his attorney, Don G. Gillaspie, had been placed "on probation" by the Arkansas Supreme Court Committee on Professional Conduct. Bell contends that Gillaspie's probationary status required him to associate a "supervising attorney" to assist him at trial. By not doing so, Bell argues that he was deprived of his right to constitutionally effective trial counsel. However, in advancing this argument, Bell fails to identify what Gillaspie either did or failed to do that allegedly deprived him of constitutionally adequate counsel.

Bell was required to present this claim to the Arkansas courts in a Rule 37 Petition. *Carrier v. State*, 278 Ark. 542, 543 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under Ark. R. Cr. P. Rule 37."). He failed to file a timely Rule 37 Petition, and then waited 286 days after the Arkansas Supreme Court issued its mandate affirming his conviction before filing a Motion for Habeas Corpus, which included a "request" that he be allowed to file a "belated" Rule 37 Petition. That Motion has now been pending *over nine years*, without a ruling from the Union County Circuit Court. Respondent argues that this claim should be deemed procedurally

9

defaulted because Bell failed to assert it in a *timely-filed* Rule 37 Petition in the trial court.[11]  The Court agrees.

The Arkansas Supreme Court repeatedly has held that allegations of ineffective assistance of counsel are *not* cognizable in a habeas proceeding, and can only be pursued in a Rule 37 proceeding.  *Smith v. Hobbs*, 2012 Ark. 18, *4 (refusing to consider an inmate's petition for writ of habeas corpus challenging trial counsel's effectiveness, holding habeas corpus "is not a substitute for pursuing postconviction relief" under Ark. R. Crim. P. 37.1); *see also Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam);  *Johnson v. Hobbs*, 2010 Ark. 459 (per curiam).

While Bell's Motion for Habeas Corpus requested "belated" Rule 37 relief, this cannot save his claim from procedural default.  The time limits established by Ark. R. Crim. P. 37.2 *are jurisdictional*.  Thus, unless Rule 37 relief is sought on a timely basis, both the state trial and appellate courts lack jurisdiction to grant post-conviction relief.  *Holiday v. State*, 2013 Ark. 47 (2013);  *Newton v. State*, 2014 Ark. 538 (2014).

---

[11] Under Arkansas Rule of Criminal Procedure 33.3, post-trial motions are "deemed denied" on the thirtieth day after they are filed, whether ruled on or not by the trial court.  However, the Arkansas Supreme Court has held that Rule 33.3 does *not* apply to proceedings under Arkansas Rule of Criminal Procedure 37.1 or habeas corpus petitions.  *Young v. State*, 373 Ark. 264 (2008) (per curiam) (Rule 37.1);  *Hooper v. Hobbs*, 2013 Ark. 31 (habeas corpus).

Under well-established Arkansas law, the Union County Circuit Court now lacks jurisdiction to grant Bell any relief, habeas or otherwise, on his claim that his trial counsel was constitutionally ineffective.  *See* discussion *infra*.  Accordingly, the Court agrees with Respondent that, after nine years, it would be futile to wait any longer for Union County Circuit Court to rule on Bell's still pending Motion.

In his Motion for Habeas Corpus, Bell acknowledged failing to timely pursue Rule 37 relief. Because his ineffective assistance of counsel claim is now procedurally defaulted, the Court recommends that this claim be dismissed, with prejudice. *See Moore–El v. Luebbers,* 446 F.3d 890, 896 (8th Cir. 2006).

### 3. Bell Has Failed to Establish Cause For His Procedural Default

When a procedural default occurs, federal habeas review of the claim is barred unless the habeas petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

Bell makes no effort to establish cause and prejudice for his procedural default; nor does he allege actual innocence.[12]

The law is clear that a petitioner's *pro se* status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal

---

[12] Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 602 (1991). Bell does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal court may grant the writ even in the absence of a showing of cause for the procedural default.").

procedure are not sufficiently external to constitute cause overcoming a procedural default. *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991); *McKinnon v. Lockhart*, 921 F.2d 830, 832 n. 5 (8th Cir. 1990); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). In *Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996), the Court specifically rejected a habeas petitioner's argument that there was cause for his procedural default because his trial/appellate attorney failed to advise him of Arkansas's Rule 37 post-conviction remedy and its restrictive time limits.

Bell's procedural default cannot be excused under the narrow equitable exception recognized in *Martinez v. Ryan*, 132 S.Ct. 1309 (2010) which explicitly does not apply to claims of trial error like the ones Bell is asserting. *Dansby v. Hobbs*, 766 F.3d 809, 833 (2014) (declining to extend *Martinez* to reach any other claims of trial error other than ineffective assistance of trial counsel claims).

Finally, because Bell failed to file a timely Rule 37 Petition, *Martinez* does not apply to his ineffective assistance claim. *See*, *e.g.*, *McCullough v. Kelley*, No. 5:15-CV-00162, *2, 2016 WL 1039521 (E.D. Ark. Feb. 25, 2016) ("*Martinez* does not apply in this case because Petitioner did not file a Rule 37 petition."), report and recommendation adopted by, 2016 WL 1047369; *Willis v. Kelley*, No. 5:16-CV-05101, 2017 WL 906979, at *4 (W.D. Ark. Feb. 17, 2017), report and

recommendation adopted by, 2017 WL 901899 (W.D. Ark. Mar. 7, 2017). Alternatively, even if *Martinez* applied, Bell has failed to articulate a *substantial* ineffective assistance of trial counsel claim capable of excusing his procedural default.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED and this habeas case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 29th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE